UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 174.87.193.119,<br><br>Defendant. | No.  2:20-cv-01989-TLN-CKD<br><br><br><br>ORDER |

This case is one of several nearly identical matters, wherein plaintiff alleges that an as-yet-unidentified defendant is infringing on plaintiff's copyrights by anonymously downloading and distributing plaintiff's adult films.  (ECF No. 1.)  To obtain defendant's identity, plaintiff filed an ex parte application to subpoena defendant's internet service provider, which the court granted subject to certain limitations and conditions.  (ECF No. 7.)

Between December 16, 2020 and December 17, 2020, the court granted plaintiff's ex parte application in thirteen of these matters.  (See Strike 3 Holdings, LLC v. John Doe, 2:20-cv-01989-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02125-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02126-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02127-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02128-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02129-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02133-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02134-TLN-CKD;

1  Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02135-TLN-CKD; Strike 3 Holdings, LLC v. John
2  Doe, 2:20-cv-02144-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02145-TLN-CKD;
3  Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02146-TLN-CKD; Strike 3 Holdings, LLC v. John
4  Doe, 2:20-cv-02147-TLN-CKD.)  In all thirteen matters, the court ordered, among other things,
5  that (1) no formal service of process shall be permitted absent further order of this court, and (2)
6  no later than 45 days from the date of the order, plaintiff shall file a status report with the court.
7  (ECF No. 7.)

8       On December 29, 2020, plaintiff filed an ex parte application to extend the time within
9  which to effectuate service on defendant.  (ECF No. 8.)  Under Federal Rule of Civil Procedure
10 4(m), if a defendant is not served within 90 days after the complaint is filed, then the court must
11 either dismiss the action without prejudice or, for good cause, order that service be made within a
12 specified time. Fed. R. Civ. P. 4(m).  Plaintiff contends that it is unable to comply with Rule
13 4(m)'s service deadline, given the timeline in which it expects to receive responses to its third
14 party subpoena.  At the earliest, the subpoena responses would be due after the 90-day deadline
15 under Rule 4(m) has passed.  Thus, plaintiff asks the court to extend the service deadline under
16 Rule 4(m) by an additional 90 days.

17      Having considered plaintiff's arguments and the circumstances of the case, the court finds
18 good cause to grant plaintiff's request.

19      Accordingly, IT IS ORDERED that:

20     1.    Plaintiff's ex parte application for extension of time within which to effectuate
21        service on defendant (ECF No. 8) is GRANTED.  The deadline to effectuate
22        service under Rule 4(m) is hereby extended by 90 days.

23     2.    None of the limitations, conditions, or obligations set forth in the court's order
24        granting plaintiff's ex parte application to serve third party subpoena (ECF No. 7)
25        are obviated or modified by the extension of time granted herein.  Plaintiff's
26        failure to comply with the terms of the order granting plaintiff's ex parte
27        application to serve third party subpoena (ECF No. 7) may result in the imposition
28        of sanctions against plaintiff or plaintiff's counsel, as authorized by statute, rule, or

the inherent power of the court.

Dated: January 4, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.1989.extension

3