Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
Law Offices of Lincoln Bandlow, P.C.
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 2:20-cv-01989-TLN-CKD |
| Plaintiff, | **RESPONSE IN OPPOSITION TO DEFENDANT'S LETTER MOTION TO QUASH** |
| vs. | |
| JOHN DOE subscriber assigned IP address 174.87.193.119, | |
| Defendant. | |

i

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Strike 3 Holdings, LLC ("Strike 3"), respectfully submits this Memorandum of Points and Authorities in Opposition to Defendant's Letter Motion to Quash filed by Defendant, John Doe ("Doe").

## I.   INTRODUCTION

Doe has not presented a proper ground to quash or modify Strike 3's third-party subpoena under Fed. R. Civ. P. 45(d).  The only argument presented in Doe's one-page letter is Doe's assertion that someone other than Doe may have used IP address 174.87.193.119 to infringe Strike 3's copyrights.  Contentions about the merits, especially at this early stage in litigation, are premature.  Although Doe appears to have forgone the option provided by the Court's Order making available to the parties an informal conference to discuss a potential motion to quash or other protections, given Doe's pro se status, Strike 3 reiterates its continued willingness to participate in the proceedings outlined in the Court's Order.  Moreover, Strike 3 again wishes to make it clear (as it did in the application seeking the subpoena at issue) that, assuming the Court denies Doe's motion and allows this matter to proceed, Strike 3 does not oppose, and in fact welcomes, a protective order allowing Doe to proceed pseudonymously in this case.[1]

## II.   FACTS

Strike 3 owns the intellectual property in award-winning adult motion pictures.  *See* Declaration of David Williamson, ¶ 13 [Dkt. No. 5-2].  Strike 3's philosophy is to hold itself above the rest: higher budgets, higher compensation for its actors and actresses, and higher-end productions.  *Id.* at ¶¶ 15–16.  Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with a better experience.  *Id.* at ¶¶ 17, 19.  Strike 3's business has "raised the bar" for the rest of the

---

[1] It appears that one of the purposes of the informal conference suggested by the Court is to allow the parties and the Court to discuss whether the Doe wishes to proceed pseudonymously in the case and, if so, to also discuss the mechanisms to put in place to accomplish such a request.  Again, Strike 3 would stipulate to such a request.

industry, "leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist." *Id.* at ¶ 25.

As a result of its higher production and talent costs, Strike 3 is sensitive to the substantial revenue loss caused by mass copyright infringement.  Despite attempting to mitigate the infringement outside the courts, *see id.* at ¶ 31 (sending thousands of DMCA takedowns to infringing websites), lawsuits like this have become a necessary option of last resort.  *Id.* at ¶ 32.  Strike 3 understands the delicate nature of these suits, and for this and other reasons, has put in place protocols, including inviting this Court to enter a protective order, *see* Dkt. No. 5-1, at 18.  *See generally* Dkt. No. 7, at 5–6.

Doe is accused of downloading, distributing, and hence infringing numerous different works across the BitTorrent network.  *See generally* Dkt. Nos. 1 and 1-1 (listing copyrighted works).  BitTorrent allows users to operate anonymously, revealing only the IP address they are using, as well as a wealth of information concerning their internet activity.  But BitTorrent does not reveal the infringer's identity.  That is why "in cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant— without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'"[2]  *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation omitted).  Hence, Plaintiff moved for, and this Court granted, early discovery.  Dkt. Nos. 5, 7.  The Court's Order included several provisions including an "invit[ation] to attend an informal conference . . . [t]o set a schedule that will allow the defendant an opportunity to file a motion to quash the subpoena, if there are true and adequate grounds therefor . . . ."  Dkt. No. 7, at ¶ 6(a).  Doe, who is pro se, has elected to file the present letter motion to quash instead.  Dkt. No. 12.

---

[2] Strike 3 first sought to uncover Doe's identity by requesting a Pure Bill of Discovery in the County Court in and for Miami-Dade County, Florida.  Dkt. 1, at ¶ 6.  Doe objected to that action on jurisdictional grounds, and Strike 3 initiated this federal action.  *Id.*  Yet, as noted in Strike 3's motion for early discovery, "regardless of whether the subpoena is authorized by a court in Florida, or this Court (as Defendant prefers), the fact remains: a subpoena to the ISP is the only method available for Plaintiff to learn Defendant's identity."  Dkt. 5-1, at 14–15.

2

### III.   **LEGAL STANDARD**

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party to produce documents, electronically stored information, or tangible things . . . ." *Strike 3 Holdings, LLC v. Doe*, No. 18-02637 (MCE)(CKD), 2019 WL 935390, at *1 (E.D. Cal. Feb. 26, 2019) (quoting *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citation and internal quotations omitted)). "[T]he party seeking to quash a subpoena bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted). "Rule 45(d)(3)(A) identifies . . . circumstances in which a court is required to grant a motion to quash or modify a subpoena." *Heilman v. Wasko*, No. CV 12-01966 (JAM)(AC), 2015 WL 1498885, at *8–9 (E.D. Cal. Mar. 31, 2015).

> These circumstances arise when the subpoena
> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  Additionally, a district court "may . . . quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

*Id.* "The party seeking to quash a subpoena has the burden of persuasion." *Id.* (citations omitted).  "Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena *must comply* with it. *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605 (PAB)(KMT), 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases) (emphasis original).

### IV.   **ARGUMENT**

Defendant's letter alleges that Doe's IP address is not password protected and that it is "highly possible" that someone other than the subscriber infringed Strike 3's copyrights.  *See* Dkt. No. 12, at 1.  Thus, "[i]n sum, Defendant claims innocence." *Strike 3 Holdings, LLC v. Doe*, No. 18-04993 (KAW), 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019) (denying motion

3

to quash).  This Court, along with many others across the nation, have held that a mere

averment of innocence is not grounds to quash a subpoena.  *Strike 3 Holdings, LLC v. Doe*, No.

18-02637 (MCE)(CKD), 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019) (Delaney, J.);

*accord Strike 3 Holdings, LLC v. Doe*, No. CV 18-00571 (EAW), 2018 WL 6166873, at *5

(W.D.N.Y. Nov. 26, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-2648 (VEC), 2019 WL

78987, at *2 (S.D.N.Y. Jan. 2, 2019); *Strike 3 Holding, LLC v. Doe*, No. 18-01561 (VLB), 2019

WL 1620414, at *4 (D. Conn. Apr. 16, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 19-115

(JBA), 2019 WL 2066963, at *3 (D. Conn. May 10, 2019); *Strike 3 Holdings, LLC v. Doe*, No.

19-2552 (LAK)(OTW), 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019); *Strike 3 Holdings,

LLC v. Doe*, No. 19-396 (GJH), 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020); *Strike 3

Holdings, LLC v. Doe*, No. 20-2748 (CCB), 2021 WL 211303, at *2 (D. Md. Jan. 21, 2021).

　　　　As this Court has also explained "such a consideration is premature and may be raised in

a motion to dismiss.  The whole purpose of the targeted discovery here is to allow plaintiff to

determine whether it can obtain the identity of the proper defendant. Additionally, the court has

taken steps to protect Doe defendant's identity and he will not be prejudiced by allowing

plaintiff to carry out the subpoena as ordered." *Strike 3* , No. 18-02637 (MCE)(CKD), 2019

WL 935390 at *5.  Indeed, the District of Columbia Court of Appeals recently expressed a

similar rationale concerning early discovery in these types matters:

> Strike 3 has not even been able to gather such threshold facts about the alleged
> infringer.  To be sure, the requested discovery may ultimately cast doubt on Strike
> 3's claim against the IP address subscriber.  For example, the subpoenaed records
> could reveal that the IP address is associated with a coffee shop, a public library,
> or, as in *Cobbler Nevada*, a residential facility where numerous users access the
> same Internet service.  At that point, if Strike 3 is unable to plead additional facts
> tying the registered subscriber to the alleged infringement, the scales may tilt
> towards implausibility.  At this stage, however, we cannot know what Strike 3's
> subpoena will uncover.  The mere fact that discovery may demonstrate that the
> subscriber is not the proper defendant is no basis to close the courthouse doors
> before Strike 3 can step inside.

*Strike 3*, 964 F.3d at 1212 (internal citations omitted).  Accordingly, there are no grounds to

quash Strike 3's third-party subpoena.

Strike 3 notes that Doe's identity still remains (temporarily) protected by the Court's Order, which expressly cautions "that until permission is given by the court [Strike 3] is not to reveal the identity of the defendant in or out of court."  Dkt. No. 7, at ¶ 12 (emphasis original). Although the Order also states that "[a] decision by the person identified as the owner of the subject IP address not to attend an informal conference will lead to an order substituting the identified defendant by name," *id.* at ¶ 11, Strike 3 does not request entry of such an order at this time.  In fact, Strike 3 is still willing to attend the informal conference with Doe to discuss these concerns.  As set forth above, Strike 3 never opposes entry of protective orders that allow defendants to remain pseudonymous and is willing to discuss or stipulate to such protections consonant with the terms already laid out in the Court's Order.

## V.    CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests the Court deny Defendant's Letter Motion to Quash.  Strike 3 further suggests that Doe be required to inform the Court by a date certain as to whether Doe would like to take part in the informal conference set forth in the Court's Order.  Strike 3 stands prepared to take part in such a conference.


Date: February 15, 2021                    **Law Offices of Lincoln Bandlow, PC.**

                                           By: _____
                                                Lincoln Bandlow, Esq.
                                                *Attorney for Plaintiff*
                                                Strike 3 Holdings, LLC


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                           By: */s/ Marina Bandlow__*