UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | No. 2:20-cv-01989-TLN-CKD |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO QUASH |
| JOHN DOE subscriber assigned IP address 174.87.193.119 | |
| Defendant. | |

On February 8, 2021, defendant John Doe filed a motion to quash a subpoena issued by plaintiff Strike 3 Holdings, LLC, to defendant's internet service provider ("ISP"), Spectrum, seeking his[1] subscriber information. Upon review of defendant's motion to quash and plaintiff's response, the court finds this motion can be resolved without oral argument pursuant to Civil Local Rule 7-1(b). The court denies defendant's motion to quash the subpoena. Plaintiff is ordered to serve a copy of this order on the ISP.

**I.     RELEVANT BACKGROUND**

This case is one of many filed by Plaintiff Strike 3 Holdings, LLC, alleging copyright infringement of adult-content movies distributed through its websites. ECF No. 1, ¶¶ 1-3. Plaintiff alleges defendant has, over a period of time, used the BitTorrent protocol to download and

---

[1] Defendant's gender is not known. Pronouns refer to the "John Doe" party designation by plaintiff.

1  distribute 107 of plaintiff's movies to others in violation of plaintiff's copyrights. ECF No. 1, ¶ 4.
2  Defendant is known to plaintiff only by his IP address, which is maintained by Spectrum. ECF
3  No. 1, ¶ 5.
4       In order to acquire the true name and address of defendant, plaintiff brought an ex parte
5  application to serve a third-party subpoena on defendant's ISP. ECF No. 5. The undersigned
6  determined that good cause existed for the application and granted the application on December
7  16, 2020. ECF No. 7. Special procedural safeguards were set to protect defendant's identity and
8  expectation of privacy. Plaintiff was directed to serve a copy of the order on defendant to inform
9  him of the opportunity to file a motion to quash the subpoena. The order directed that "until
10 permission is given by the court, [plaintiff] is not to reveal the identity of the defendant in or out
11 of court." ECF No. 7.
12      On or about December 17, 2020, plaintiff served the subpoena on the ISP, which has not
13 yet responded. ECF No. 10. On February 8, 2021, defendant moved to quash the subpoena. ECF
14 No. 12. Plaintiff filed a response in opposition. ECF No. 13.

15 **II.  LEGAL STANDARD**

16      "Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that
17 commands a non-party 'to produce documents, electronically stored information, or tangible
18 things….'" Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal.
19 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).
20      When a party timely files a motion to quash, a district court must "quash or modify a
21 subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply
22 beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or
23 other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue
24 burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a district court "may… quash or modify the
25 subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or
26 commercial information; or (ii) disclosing an unretained expert's opinion or information that does
27 not describe specific occurrences in dispute and results from the expert's study that was not
28 requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

The party issuing the subpoena must demonstrate that the discovery is relevant, while the party seeking to quash the subpoena has the burden of persuasion. Soto, 282 F.R.D. at 502.

### III.     DISCUSSION

Defendant moves to quash the subpoena on the basis that his wireless network is not password protected and the house is surrounded by vacation rentals. ECF No. 12. Defendant states there are currently five vacation rentals within 100 feet of the house and it is highly possible someone from one of these vacation rentals downloaded copyright protected material. ECF No. 12. Defendant asks the court to quash the subpoena, asserting the response to the subpoena will not identify the unknown infringer. Id.

In sum, defendant claims innocence. While this defense may prove to be true, courts in this and other circuits have consistently rejected the argument that a defendant's status as a registered subscriber of an IP address associated with infringing activity is insufficient to support discovery of the subscriber's identity where others could have used the IP address. E.g., Strike 3 Holdings, LLC v. Doe, No. 19cv2425-JAH (LL), 2020 U.S. Dist. LEXIS 84577, at *9 (S.D. Cal. May 3, 2020) ("although an IP address and a subscriber's name alone may be insufficient to state a claim of infringement, …subpoenas may [ ] be used to determine a subscriber's name"); Strike 3 Holdings, LLC v. Doe, No. 4:18-cv-04993-KAW, 2019 U.S. Dist. LEXIS 19497, at *6 (N.D. Cal. Feb. 6 2019); Strike 3 Holdings, LLC v. Doe, No. 2:18-cv-02637 MCE CKD, 2019 U.S. Dist. LEXIS 30674, at ** 9 & 11 (E.D. Cal. Feb. 26, 2019) (citing collected cases).

At this point in the litigation, plaintiff has made an adequate showing of the need to subpoena defendant's ISP to determine whether it can obtain the identity of the proper defendant. Defendant cites no authority for preventing the discovery. To the extent defendant alleges factual innocence, such a consideration is premature and may be raised in a motion to dismiss. The subscriber's identity will remain protected, both in and out of court, until the court orders otherwise. ECF No. 7.

/////

/////

/////

1    For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to quash
2 the subpoena (ECF No. 12) is DENIED.
3 Dated: March 8, 2021

                                   _____
                                   CAROLYN K. DELANEY
                                   UNITED STATES MAGISTRATE JUDGE

8.Strike3.1989.quash

4